## No. 9197.

### THE STATE OF LOUISIANA vs. BOY VINCENT:

It is no bar to an information for manslaughter, that the grand jury has, prior to its filing, ignored an indictment for murder, for the same homicide.

State vs. Vincent.

Omission in the information, of the averment that the deceased was, at the time of the kill ing, "in the peace of God and of the State," is no ground for arrest of judgment

A PPEAL from the Thirteenth District Court, Parish of St. Landry. Hudspeth, J.

J. C. Egan, Attorney General, for the State, Appellee.

Gil & Perrault and G. L. Dupré for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The following are the alleged errors on which the defendant claims reversal of the judgment, viz:

1. Denial by the judge a quo of a motion to quash the information on the ground that, at the same term which it was filed, the same homicide had been presented to the grand jury in an indictment for murder and had been returned by them, "not a true bill." After such finding, it is claimed the district attorney was without authority to file an information for manslaughter, based on the same facts.

We find it impossible to distinguish the case from that of State vs. Ross, 14 Ann. 367, where the Court said: "The material question is whether the district attorney, at the same term of the court and on the same day that the grand jury had ignored the indictment, could file the information after this action of the grand jury. Article 103 of the Constitution of 1852 provides that prosecutions shall be by indictment or information. The State can select either mode, but cannot prosecute by both at the same time. After, however, it has prosecuted by indictment, and the grand jury, not being satisfied by the evidence or for other causes, have not found a true bill against the accused, it is the same as if the matter had never been before a grand jury, and the district attorney, in commencing new proceedings, has the right to select indictment or information as provided by the Constitution."

We know of nothing in our later jurisprudence shaking this doctrine; and, indeed, it rests on reason and very ancient authority. 2 Hale, 243-246; 2 Hawk. Pleas of Crown, C. 35, sec. 6; 1 Whart. Cr. L. sec. 544.

The contrary contention would give to such a finding of a grand jury, the effect of a valid plea of autrefois acquit, of which it does not possess the essential elements.

The right of the district attorney to prosecute for manslaughter by information is not questioned, and as that form of proceeding reaches the court without the intervention of a grand jury, the objection to

proceeding at the same term, which would exist to a second proceeding by indictment for the same offense before the same grand jury, does not arise.

2. It is claimed that the judge erred in overruling the motion for new trial, on the ground of newly discovered evidence. In absence of any bill of exception to the judge's ruling on this motion, we cannot consider his action.

3. In a motion in arrest of judgment, the information is attacked as fatally defective, because not containing the allegation that the deceased, when killed was "in the peace of the State and of God." This objection calls for no further remark than to say that it is well settled that the omission of this averment is no ground for arrest of judgment. 5 Whart. Cr. L. sec. 1055; Com. vs. Murphy, 11 Cush. 472.

The objection here appears nowhere except in the motion in arrest. Other errors assigned are frivolous.

Judgment affirmed.