578 P.2d 345

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 3503.**

Court of Appeals of New Mexico.

April 11, 1978.

John B. Bigelow, Chief Public Defender, Martha Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

In March, 1977, the child, adjudicated to be delinquent and in need of care or rehabilitation, was committed to the Department of Corrections at Springer. In January, 1978, the Department filed a petition, pursuant to § 13–14–35(F), N.M.S.A.1953 (Repl.Vol. 3, pt. 1), to extend the time period of the Department's custody. The petition was granted; the child appealed.

· The docketing statement raised four issues, which were calendared for summary affirmance. The child's memorandum does not object to summary affirmance of three of the issues.

, On one issue, the child asserts summary affirmance would be improper. That involves the absence of an explicit finding "that the extension is necessary to safeguard the welfare of the child or the public interest." Section 13–14–35(F), supra. Our calendar assignment stated that such a finding was "implicit in the court's order in light of the request for extension set forth in the petition." The child asserts an implied finding is insufficient; that an explicit finding is required under *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977). We disagree.

First, the trial court's order was an implicit finding that the extension was necessary. The Department's petition sought an extension of its custodial period and set out reasons why the extension was needed. The court's order reads: "petition to extend custody granted—1 yr." In light of the contents of the petition, a finding that the extension was necessary was implicit in the court's order.

Second, *State v. Doe*, supra, does not support the child's contention. In that case, there had been no finding that the child was in need of care or rehabilitation. The statute involved, § 13–14–28(E), N.M.S.A. 1953 (Repl.Vol. 3, pt. 1) required the court to hear evidence on that issue "and file its findings thereon." The language in § 13–14–35(F), supra, is not comparable, there being no reference to "filed" findings. Section 13–14–35(F), requires the court to find that the extension is necessary. When such a finding is implicit in the court's order, the order is not erroneous because of the absence of a "filed" finding. Accordingly, we need not consider the effect of the formal findings, entered subsequent to the time this appeal was taken.

The order extending the Department's custody is affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.