599 P.2d 1067

STATE of New Mexico,
Plaintiff-Appellant,

v.

Joe Nestor CHAVEZ,
Defendant-Appellee.

No. 3877.

Court of Appeals of New Mexico.

June 7, 1979.

Rehearing Denied June 20, 1979.

Jeff Bingaman, Atty. Gen., Robert G. Sloan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

William C. Marchiondo, Marchiondo & Berry, P. A., Warren O. F. Harris, P. A., Albuquerque, for defendant-appellee.

OPINION

WOOD, Chief Judge.

This appeal involves the filing of a criminal information after the grand jury had refused to indict. The trial court dismissed the information; the State appeals. We (1) identify the appellate issue; (2) discuss the authority of the district attorney; and (3) further proceedings before the trial court.

*Identification of the Appellate Issue*

The grand jury investigated the graveling of certain roads in Bernalillo County and defendant's conduct in connection with the gravel matter. The grand

jury's final report states that it considered 501 cases, issued 492 true bills, and 9 no bills. The trial court found that a no bill had been returned in connection with defendant's conduct. The State suggests that it is uncertain whether the grand jury refused to indict or simply took no action. It being undisputed that the grand jury investigated defendant's conduct, the grand jury report stating that it issued either a true bill or a no bill in each case it considered, the trial court's finding that a no bill was returned as to defendant is supported by substantial evidence.

Although the grand jury refused to indict defendant, the district . attorney filed a criminal information charging defendant with making, or permitting, a false public voucher in violation of § 30–23–3, N.M.S.A. 1978. This charge was based upon defendant's conduct in connection with the gravel matter, the same matter investigated by the grand jury.

Defendant moved to dismiss the information. The motion asserted a violation of due process on the basis of a "systematic selection of prosecution . . . ." After hearing evidence on the motion to dismiss, the motion hearing was continued so that evidence presented at the preliminary hearing could also be considered in connection with the motion to dismiss. The combined hearing was possible because the trial court conducted the preliminary hearing. See N.M.Const., art. VI, § 21. The trial court was concerned with the propriety of a criminal charge by information after the grand jury had returned a no bill. Consistent with this concern, the trial court required the district attorney to show whether, at the preliminary hearing, he relied on evidence which was unavailable when the matter was presented to the grand jury.

Although the trial court's requirement was phrased in terms of "compelling" or "new" evidence, we give no consideration to these adjectives. The trial court found as a fact:

> The District Attorney presented substantially no evidence at the Preliminary Hearing which was not previously presented to the Grand Jury; or which was not in possession of the District Attorney at the time in question.

This finding is not challenged; it is a fact in this appeal.

The trial court also found that defendant had not proved a discriminatory prosecution based on race, religion, country of origin, or attempted exercise of constitutional rights. Because none of these grounds were proved, the trial court concluded that defendant was "not entitled to relief from his claim of discriminatory or selective prosecution . . . ."

The trial court's ruling concerning a discriminatory or selective prosecution is not an issue in this appeal. Evidence introduced in connection with the asserted discriminatory prosecution does, however, help to explain the issue on appeal. The evidence is that the district attorney, from January 1, 1977 through the middle of July, 1978, had obtained 1479 indictments. During this same period of time, the district attorney presented 29 matters to the grand jury which resulted in either a no bill or no report by the grand jury. Of these 29 matters, two were resubmitted to the grand jury and indictments resulted. In one of the 29 matters, the district attorney filed an information—that is this case. The information was filed against defendant after the grand jury had heard the testimony of some 40-to-50 witnesses concerning defendant's conduct and had refused to indict.

Inasmuch as the evidence at the preliminary hearing was substantially the same as the evidence presented to the grand jury, the trial court concluded that it had no jurisdiction to decide whether probable cause existed to bind over defendant for trial on the charges in the information. The trial court's thinking, in jurisdictional terms, is indicated by other conclusions to the effect that it lacked authority to review conclusions reached by the grand jury. "Jurisdiction to decide" is misleading. A district judge, conducting a preliminary hearing, has authority to decide the issue of probable cause. Rule of Crim.Proc. 20. In conducting the preliminary hearing in this

case, the trial court did not review the action of the grand jury; rather, the trial court was to make its own, independent determination of probable cause on the evidence presented at the preliminary hearing.

The issue is not whether the trial court had jurisdiction, or authority, to decide the question of probable cause. The issue is whether the district attorney had authority to institute a criminal charge by information when the charge is based on substantially the same evidence considered by a grand jury which returned a no bill.

### Authority of the District Attorney

A provision in a former grand jury statute, § 41–5–27, N.M.S.A.1953 (1st Repl. Vol. 6) stated:

> The dismissal of the charge [by the grand jury] does not however prevent its being again submitted to a grand jury as often as the court may direct.

The former grand jury statute, including § 41–5–27, supra, was repealed by Laws 1969, ch. 276. This 1969 law also enacted a new grand jury statute, § 31–6–1, et seq., N.M.S.A.1978. The new grand jury statute has no provision comparable to § 41–5–27, supra.

The trial court ruled that the repeal of § 41–5–27, supra, and the failure of the Legislature to reenact a similar statute "removed from the Courts, the District Attorney and the Grand Jury the authority to resubmit this case or any other case to the Grand Jury for reconsideration, absent new evidence or other compelling factor to resubmit the matter to the Grand Jury." Defendant asserts that by the repeal, "the Legislature was trying to do away with the fact that a prosecutor or a Trial Court could discriminate against [a] particular defendant or accused and continue to try to institute criminal proceedings against that individual." While not expressly stated, the view of the trial court and the defendant was that the repeal of § 41–5–27, supra, which referred only to resubmission to the grand jury, prohibited the district attorney from proceeding by information, after a no bill by the grand jury, unless authorized to do so by the trial court.

▇ The 1969 legislation shows a legislative intent to change the law. See *Stang v. Hertz Corporation*, 81 N.M. 69, 463 P.2d 45 (Ct.App.1970), aff'd, 81 N.M. 348, 467 P.2d 14 (1970). Inasmuch as § 41–5–27, supra, was repealed and no comparable provision was included in the new grand jury statute, the legislative intent was to remove from our statutory law the matters covered by § 41–5–27, supra. Compare *Rodgers v. City of Loving*, 91 N.M. 306, 573 P.2d 240 (Ct. App.1977). What was removed depends on the meaning of § 41–5–27, supra.

Different interpretations have been given to statutes similar to § 41–5–27, supra. *People v. Pack*, 179 Misc. 316, 39 N.Y.S.2d 302 (1942) states that the "spirit" of such a law prohibits resubmission of a charge, either to a grand jury or "any" court, unless a court has authorized resubmission. *Rea v. State*, 3 Okla.Cr. 269, 105 P. 381 (1909) holds that such a statute applies only to resubmissions to a grand jury, and "has no application to offenses prosecuted by information * * *."

The "spirit" of § 41–5–27, supra, could not have applied to criminal charges instituted by information. Section 41–5–27, supra, was part of a law pertaining to grand juries enacted in 1853–54. Prior to the amendment of N.M.Const., art II, § 14, effective January 1, 1925, felony prosecutions were instituted by indictment or by information upon a waiver of indictment in open court. N.M.Const., art. XX, § 20; *State v. Chacon*, 62 N.M. 291, 309 P.2d 230 (1957). Inasmuch as a felony prosecution, by information, without regard to waiver of indictment did not exist when § 41–5–27, supra, was enacted, § 41–5–27, supra, cannot be construed to apply to such prosecutions. Thus, the repeal of § 41–5–27, supra, had no bearing on felony prosecutions by information.

Section 41–5–27, supra, did provide a limitation upon the resubmission of a matter to a grand jury; resubmission was limited to those authorized by the court. The repeal of § 41–5–27, supra, removed this limitation from our statutory law; specifically "the

effect of a repeal . . . [was] to obliterate the statute and to destroy its effective operation in futuro . . . ." 1A Sands, Sutherland Statutory Construction, § 23.33 (4th ed. 1972).

The legislative intent in repealing § 41-5-27, supra, goes no further than an intent to destroy the future operation of that statute; the legislative intent, as shown by the repeal, was not an intent to change permissible resubmission practices that existed apart from § 41-5-27, supra.

What were the permissible practices existing after the repeal of § 41-5-27, supra? The briefs suggest that the common law determined the question of resubmission of a charge after a no bill has been returned, but disagree as to what the common law held. The use of the common law, in connection with a prosecutor's authority to institute a felony charge, must be with caution because the issue under the common law frequently was the form or the timing involved in the matter, rather than the substance of the matter. 4 Wharton's Criminal Law and Procedure, § 1734 (1957). Inferences from *State v. Vincent*, 36 La.Ann. 770, 43 La.Rptr. 481 (1884) and *Richards v. State*, 22 Neb. 145, 34 N.W. 346 (1887) are that under the common law a matter could be resubmitted to successive grand juries, but could not be resubmitted to the same grand jury. See *People v. Benson*, 208 Misc. 138, 143 N.Y.S.2d 563 (1955). We do not consider the common law procedure further. *State v. Reese*, 78 N.M. 241, 430 P.2d 399 (1967) refused to hold that the district attorney "has any common-law powers. The constitution and statutes clearly prescribe and delimit his authority."

Section 36-1-18, N.M.S.A.1978, which was enacted by Laws 1909, ch. 22, § 2 (prior to New Mexico becoming a state) requires the district attorney to prosecute all criminal cases in the district. N.M.Const., art. VI, § 24 provides that the district attorney is the "law officer" of the district. N.M. Const., art. II, § 14 authorizes the institution of a felony prosecution by "information filed by a district attorney * * *." Section 31-6-7, N.M.S.A.1978, which was enacted by Laws 1969, ch. 276, § 7, provides

the district attorney "shall attend the grand jury, examine witnesses, prepare indictments, reports and other undertakings of the grand jury."

None of the above-cited constitutional and statutory provisions contain any express limitation upon the power of the district attorney either to resubmit a matter to a grand jury or to proceed by information after a grand jury has returned a no bill.

*Richards v. State*, supra, held that absent "new evidence," "[t]he law has not made it the duty of a district attorney to file an information in a case where a grand jury has refused to find a bill." *State v. Vincent*, supra, held the district attorney could proceed by information after the grand jury returned a no bill. *State v. Vincent*, supra, proceeded on the basis that if the grand jury refuses to indict, it is the same as if the matter had never been before a grand jury. Recognizing a conflict in the decisions, the Annotation, 120 A.L.R. 713 (1939) states: "[I]t appears that in the majority of instances the courts have taken the view that the right to file an information is not affected by the failure or refusal of the grand jury, upon investigation, to find an indictment."

We do not agree with the explanation in *State v. Vincent*, supra, that if the grand jury refuses to indict, it is the same as if the matter had never been before a grand jury. Such a view disregards the facts which provide the basis for the appellate issue. A better reason, in our opinion, is that the decision to prosecute has been placed with the district attorney by our constitutional and statutory provisions. The district attorney is the official prosecutor. If a trial court may decide whether a prosecution may be initiated after a grand jury has refused to indict, the trial court is in the position to control those criminal prosecutions. Such authority in the trial court is incompatible with the district attorney's role as the official prosecutor, and such authority in the trial court should not be found to exist absent specific statutory authority. *United States v. Thompson*, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1920); see Joyce on Indictments, § 131 (2d ed. 1924).

We hold that after the repeal of § 41–5–27, supra, in 1969, the grand jury no bill did not prevent the district attorney from either resubmitting the matter to the grand jury or charging defendant by information. This result is reached because of the absence of limitation upon the district attorney's authority as prosecutor. This result is consistent with *State v. Peavler*, 88 N.M. 125, 537 P.2d 1387 (1975) where it is stated:

> [A] subsequent indictment is not barred even if the magistrate determines in a preliminary hearing that there is no probable cause to bind over for trial in the district court.

Defendant asserts there was a limitation upon the district attorney's authority to file the information. He relies on Laws 1979, ch. 337, which relates to grand juries. Section 11 of the law states:

> After a grand jury acts on the merits of evidence presented to it and returns a no-bill, the same matter shall not be presented again to that jury or another grand jury on the same evidence.

We doubt that this law has any effect on the power of a district attorney to proceed by information because, by its terms, this law refers only to grand jury matters. Compare *Rea v. State*, supra. However, it is unnecessary to decide the reach of this law. Laws 1979, ch. 337 had not been enacted when the trial court, by written decision filed October 31, 1978, refused to decide probable cause. A prohibition against resubmission of a matter to a grand jury is substantive law. Such a prohibition is not to be given retroactive effect absent a clear legislative intent to apply the prohibition retroactively. *State v. Padilla*, 78 N.M. 702, 437 P.2d 163 (Ct.App.1968); see *Gray v. Armijo*, 70 N.M. 245, 372 P.2d 821 (1962). Laws 1979, ch. 337, does not show a legislative intent to give that law retroactive effect.

*Further Proceedings Before the Trial Court*

In its decision, the trial court stated "that, absent the jurisdictional issue, the Court could find the evidence persuasively sufficient to find probable cause in favor of the Information." The State requests that the case "be remanded with instructions to bind the Defendant over for trial . . .." The words "could find" are conditional; they are not a finding of either probable cause or no probable cause under Rule of Crim.Proc. 20(c). Upon remand, the trial court is to make an unconditional finding of the presence or absence of probable cause.

The result herein that the district attorney, absent a constitutional violation, has the authority to proceed by information after a grand jury no bill, will offend those who believe there should be restraints on the district attorney's power to initiate felony prosecutions. The existence or nonexistence of such restraints is a policy matter. Absent a constitutional violation, such policy is for the Legislature to decide. We do not hold there can be no restraints; our holding is that there were no restraints applicable to this case.

The dismissal of the information is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.