601 P.2d 451
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John DOE, a Child, Defendant-Appellant.**

**No. 4065.**

Court of Appeals of New Mexico.

Sept. 20, 1979.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

A teenage friend of the child died from a gunshot wound received during a deer hunt. The gun was held by the child at the time the gun discharged. A petition was filed in the children's court alleging delinquency by committing murder. Thereafter, a petition was filed asking that the matter be transferred to district court so that the child could be tried as an adult. After an evidentiary hearing on the transfer petition, the trial court ordered the transfer. The child appeals; we reverse.

We comment on, but do not decide the appeal on, the attitude of the prosecutor in seeking the transfer. "[I]t is our position that this is a serious crime, one which can best be heard in the District Court with all the publicity and all that is attendant in a District Court criminal trial, rather than in the privacy of a Children's trial . . . ." "[R]egardless of the age of the child, the kind of crime that was committed, if the evidence is such to show his guilt of the charge, the adult system is certainly the appropriate place to punish him rather than sending him to the Boys School . . . ."

One of the legislative purposes stated in § 32–1–2(B), N.M.S.A.1978 reads: "[C]onsistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefor a program of supervision, care and rehabilitation[.]" By § 32–1–31, N.M.S.A.1978, the Legislature has placed limits on the attendance of the general public at children's court proceedings. There may be dissatisfaction with these provisions, but until changed, they are the law which the prosecutor is sworn to uphold.

The transfer was sought under § 32–1–30, N.M.S.A.1978 which authorizes the children's court, in its discretion, to transfer the matter to district court, for prosecution, if the requirements of the statute are met. There is no question that the child was of sufficient age; he was two days past his 15th birthday when the killing occurred, and the petition alleged the delinquent act of murder.

For a valid transfer, § 32–1–30(A)(5), supra, requires the court to make "a specific finding upon the hearing that there are reasonable grounds to believe that the child committed the alleged delinquent act." This requirement involves probable cause. See Children's Court Rule 3(g).

■ The court did not make a specific finding of "reasonable grounds" or of "probable cause"; the court made no findings. Inasmuch as the statute requires a specific finding, and none was made, the transfer order is invalid because not entered in compliance with the statute. See State v. Doe, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977). An implicit finding is insufficient when the statute requires a specific finding. See State v. Doe, 91 N.M. 644, 578 P.2d 345 (Ct.App.1978).

■ The child contends there was insufficient evidence for a belief that the child committed murder. While the direct evidence indicates an accidental discharge of the gun, there are inferences that would permit the court to find reasonable grounds or probable cause. We do not weigh the evidence on appeal, but only determine whether there is evidence to make the requisite finding. See Matter of Doe, 89 N.M. 700, 556 P.2d 1176 (Ct.App.1976). However, in this case, the court has not made the finding required by the statute. Compare State v. Chavez, 93 N.M. 270, 599 P.2d 1067 (Ct.App.1979).

Another requisite for a valid transfer is that the court consider "whether the child is amenable to treatment or rehabilitation as a child through available facilities[.]" Section 32–1–30(A)(4), supra. The amenability of the child is an evidentiary question. State v. Doe, 91 N.M. 506, 576 P.2d 1137 (Ct.App.1978). The child asserts the trial court abused its discretion in ordering the transfer to district court because the evidence as to the child's amenability is uncontradicted.

■ We agree that the amenability evidence is uncontradicted. There were two items going to the question of amenability.

One item was the testimony of the high school principal. The principal testified to several instances of improper conduct by the child; testified that correction and counseling of the child was effective for a short period of time after which the child would "go back to his old ways"; testified that consistent and controlled corrective counseling would help the child; and testified that the counseling the principal had in mind was the type "they use at the Boys School."

The second item was the report of the child's diagnostic evaluation. This evaluation had taken place with the consent of all parties. The report was not introduced as evidence; however, the transfer order indicates it was considered by the court. The report can only be considered as favorable to the child. The evaluators did not consider the child to be a hard-core threat to the safety of society, and did not consider the child to be a hard-core unrehabilitative juvenile. The report recommends that if "tried and convicted, that he [the child] be committed to the New Mexico Boys' School, (NMBS), to be provided with a juvenile program in contrast to an adult in an adult institution." In the event of acquittal, the report recommended the child be returned to the community and enrolled in a community-based program. The report also recommended that the child "be placed under probationary supervision for a reasonable period of time."

The diagnostic evaluation refers to specific instances of the child's past conduct. The principal testified to several instances of improper conduct of the child. The State asserts that these items of conduct raised a factual question concerning the child's amenability. They do not. Section 32–1–30(A)(4), supra, is concerned with amenability to treatment or rehabilitation through available facilities; amenability involves a prediction as to the child's future conduct. There may be instances where past rehabilitation efforts have failed, or past probation has been unsuccessful, that would be rele-

vant to this prediction. See *State v. Doe*, 90 N.M. 249, 561 P.2d 948, supra; *Matter of Doe*, 89 N.M. 700, 55 P.2d 1176, supra. In this case, the only past efforts were those of the principal, and those efforts were successful for a short time. The prior conduct of the child, in itself, raises no factual issue as to whether the child is amenable to treatment or rehabilitation.

The evidence is uncontradicted that the child was amenable to rehabilitation through available facilities—the Boys' School. Section 32–1–30(A)(4), supra, requires the court to "consider" this uncontradicted evidence; that is, to think about this evidence with a degree of care and caution. *State v. Doe*, 91 N.M. 506, 578 P.2d 644, supra. The "thinking about" this evidence should be in relation to the legislative purpose of rehabilitation, § 32–1–2(B), supra, and in relation to the transfer being discretionary under § 32–1–30, supra. If the court thought about the uncontradicted evidence of amenability with a degree of care and caution, and rejected it, it was an abuse of discretion. See *Medler v. Henry*, 44 N.M. 275, 101 P.2d 398 (1940). If the court accepted the uncontradicted evidence of amenability, and nevertheless ordered the transfer, it was an abuse of discretion because of a failure to think about the evidence with care and caution. If the court failed to consider the uncontradicted evidence of amenability, the transfer order was an abuse of discretion because of a failure to comply with the statutory requirement that the amenability evidence be considered. We cannot determine, from the appellate record, how the court treated the amenability evidence. Regardless, the foregoing shows that however the evidence was treated there was an abuse of discretion.

Section 32–1–39(A), N.M.S.A.1978 states: "The name of the child shall not appear in the record on appeal." The statute has been violated. The clerk of the Court of Appeals is directed to delete the name of the child from all documents filed in this Court which are not part of the children's

court record or transcript. The children's court judge shall cause the deletion of the name of the child from the children's court record and transcript. The clerk of the Court of Appeals shall cause the children's court record and transcript to be returned to the children's court for the deletions hereby directed. Such deletions are to be done expeditiously and when done, the record and transcript is to be returned to this Court.

The transfer order is reversed. The cause is remanded for further proceedings in the children's court.

IT IS SO ORDERED.

**HENDLEY and WALTERS, JJ., concur.**