610 P.2d 749

**Linda Lee RIDGWAY,
Petitioner-Appellee,**

v.

**Lance D. RIDGWAY,
Respondent-Appellant.**

**No. 12534.**

Supreme Court of New Mexico.

May 5, 1980.

McCormick & Forbes, Roger E. Yarbro, Cas F. Tabor, Carlsbad, for respondent-appellant.

Dow & Feezer, C. A. Feezer, Carlsbad, for petitioner-appellee.

## OPINION

FEDERICI, Justice.

This appeal arises out of an action for dissolution of marriage, division of community property, child custody and support. Judgment was entered granting the divorce and appellant appeals from the division of property and the granting of custody of the parties' minor child to appellee. We affirm.

Appellant urges three points of error on appeal: (1) the trial court's division of the parties' community property was so unequal as to amount to an award of alimony; (2) the trial court erred in valuing appellant's interest in his employer's profit sharing plan; and (3) the award of custody of the parties' minor child to appellee was not supported by substantial evidence.

### I.

■ In dividing the community property, the trial court ordered a payment of cash to appellee. Neither the community nor appellant had sufficient cash so the court ordered that a promissory note be executed in favor of appellee, secured by a lien upon appellant's separate property. Appellant contends that this was an invasion of his separate property rights and tantamount to an award of alimony. This position is without merit. The awarding of alimony is a matter which rests within the sound discretion of the trial court. *Muckleroy v. Muckleroy*, 84 N.M. 14, 498 P.2d 1357 (1972). Further, even though not specifically requested, the court may, in an effort to equitably divide the community property, grant an award of alimony. *See Worland v. Worland*, 89 N.M. 291, 551 P.2d 981 (1976). The record in this case does not support the conclusion that the property distribution was tantamount to an award of alimony. The award to appellee was her share of the community property, the payment of which the court properly secured with a lien on appellant's separate property.

The imposition of a lien by the trial court upon the separate property of appellant to secure the amount of community property due appellee was proper under the facts in this case. It is true that the statutes (§§ 40–4–12, et seq., N.M.S.A. 1978) which grant authority to provide allowances out of separate property, only do so for purposes of alimony or child support. It is also true that there is no other independent *statutory* authority for the action taken by the trial court. However, under its inherent power, the court may, nonetheless, impose a lien on separate property as security for the debt owed. The trial court in *no* way changed the status of appellant's separate property nor vested title in appellee by imposition of the lien.

■ Appellant urges that the division of community property was not equal because appellee is to receive cash, whereas appellant retains stock in a profit sharing plan which is vested but as yet unmatured. Even if the dollar amount of the property distribution is unequal, a conclusion which we do not reach, there is no requirement that each party receive exactly the same dollar value as long as the community property is equally apportioned by a method of division best suited under the circumstances. *Sparks v. Sparks*, 84 N.M. 267, 502 P.2d 292 (1972); *Campbell v. Campbell*, 62 N.M. 330, 310 P.2d 266 (1957).

### II.

■ Appellant next challenges the court's valuation of his interest in his employer's profit sharing plan. The court based its valuation upon the undiscounted current, actual dollar value of appellant's vested interest as of the time of trial. Although the court used the language "present value," an examination of the transcript and the result indicates that the trial court understood it to mean the undiscounted current, actual value.[1]

---

1. We note that *"present value"* is an accounting term, which has been defined as follows:

"With respect to an annuity or an amount invested at compound interest, the amount

This misunderstanding is not fatal to the result reached by the trial court. In *Copeland v. Copeland*, 91 N.M. 409, 575 P.2d 99 (1978), this Court held that in dividing a pension plan which was vested but unmatured, a spouse is entitled to a community interest for such portion of the plan as was earned during coverture. The Court further held that in valuing the unmatured pension benefits for purposes of division of assets, a determination of the *present value* of such benefits should be made.

Here, the benefits are also vested but unmatured. However, the accrued benefits are in a noncontributory profit sharing plan rather than a pension plan, as in *Copeland*. The distinction between the two plans is that a profit sharing plan does not necessarily produce an ascertainable future benefit. While a profit sharing plan may generate a future benefit, there is no certainty to such benefits as they are contingent upon the success or failure of the business operation. This is particularly true where, as here, the profit sharing plan is noncontributory. The evidence in this case fails to show an ascertainable future benefit from which the trial court could make a determination of *present value*. Under these particular facts, the trial court correctly used the undiscounted *current, actual value* of the plan at the date of the divorce. This amount represents that portion of profits earned during coverture to which appellee is entitled, since they constitute a community asset subject to division upon divorce. *Cf. LeClert v. LeClert*, 80 N.M. 235, 453 P.2d 755 (1969) (in which the Court held that retirement plans are a form of employee compensation, which, if acquired during coverture, are community property subject to division). ⁻

In *Copeland, supra*, this Court did not state an inflexible rule that trial courts could apply only the *present value* method and no other. Under *Copeland*, the trial courts must, in divorce actions where a state retirement plan is part of community property, apply the present value method where that value is ascertainable by substantial evidence. On the other hand, if present value cannot be ascertained, then *current, actual value* may be applied by the court. Profit sharing plans fall within the rule announced in *Copeland*, if the evidence presented is sufficient to substantiate *Copeland's* applicability. In the present case, the evidence was not sufficient to apply the present value method of valuation.

### III.

Appellant lastly contends that the award of custody of the parties' minor child to appellee was an abuse of discretion. This Court has long held that the trial court has wide discretion in awarding custody and that the welfare of the child should be of primary importance. *Urzua v. Urzua*, 67 N.M. 304, 355 P.2d 123 (1960); Section 40–4–9, N.M.S.A. 1978. The determination of the trial judge, who saw the parties, observed their demeanor and heard the testimony will not be overturned absent a manifest abuse of discretion. *Kotrola v. Kotrola*, 79 N.M. 258, 442 P.2d 570 (1968). Concededly, a minimal amount of evidence was introduced on either parties' behalf. However, finding no abuse of discretion, we will not reverse the trial court's decision on custody of the parties' minor child.

For the reasons stated, the decision of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FELTER, J., concur.

---

which must be invested at present to produce a required number of annual payments of a given amount, or a required future total investment, including retained interest, at a stated rate of interest over a specified number of years." D. Clark & B. Gottfried, University Dictionary of Business and Finance (1967).