632 P.2d 1167

Carroll G. CUNNINGHAM, Petitioner-Appellant and Cross-Appellee,

v.

Joanne CUNNINGHAM, Respondent-Appellee and Cross-Appellant.

No. 13383.

Supreme Court of New Mexico.

Aug. 24, 1981.

**530**

Stephen Joseph Rose, Taos, Pickard & Singleton, Lynn Pickard, Santa Fe, for petitioner-appellant and cross-appellee.

Brandenburg & Johnson, Clifford J. Johnson, Taos, for respondent-appellee and cross-appellant.

## OPINION

FEDERICI, Justice.

This is an appeal from the District Court of Bernalillo County. The suit involved the dissolution of marriage and subsequent property settlement. From the decree granting the property settlement, the husband appeals and the wife cross-appeals.

The principal assets of the parties include stock in a corporation formed by the husband, a seventy-acre ranch and a house which was the residence of the parties. The district court awarded the entire ranch to the wife with a provision that the wife pay the husband $100,000 plus interest over a seven-year period. The husband appeals the property division made by the district court and claims the community assets should have been divided in kind. We affirm.

Although appellant presents four issues, the basic issue is whether there was substantial evidence to support the judgment of the trial court.

The points presented on appeal are:

I. Whether the court below adequately considered the tax consequences involved in the property settlement.

II. Whether there is substantial evidence to show that the distribution made was the best under the circumstances.

III. Whether the court has a duty to distribute the community assets equally, and if so, whether such an equal distribution was accomplished by the court below.

IV. Whether the property settlement adequately served the purpose of bringing a complete and final end to the marriage between the parties.

### I.

The general rule is that the court should consider tax consequences when deciding a property settlement upon dissolution of marriage. *See* Annot., 51 A.L.R.3d 461 (1973). Husband claims that the property settlement made by the district court has tax consequences for him because he will receive a note or cash rather than continued ownership in land. Husband will pay tax on whatever gain he makes in the transaction. We agree that the consequences should be considered by a trial court in arriving at a property settlement in a divorce proceeding. In this case, the record shows that the trial court did consider the tax consequences.

### II.

Both parties cite *Ridgway v. Ridgway*, 94 N.M. 345, 610 P.2d 749 (1980). That case establishes the rule that the distribution of the property at the time of the dissolution of marriage should be according to the

method best suited under the circumstances of each case.

Husband claims that the standard set forth in *Ridgway* must be supported by substantial evidence and that in this case such evidence was lacking in two important instances. First, the court ordered that the entire ranch be set aside to the wife, based on the wife's declaration that she intended to use the ranch for riding trails and a restaurant. Second, the court heard expert testimony regarding tax consequences to husband, and husband contends that this testimony was not substantial evidence for the following reasons: (1) the expert did not give a satisfactory explanation as to how she arrived at her opinion; (2) the expert opinion was based on erroneous factors; and (3) the expert opinion was based on an inadequate factual basis. Specifically, husband claims that the expert witness, who incidentally was a tax lawyer, did not know how much tax husband would have to pay because the expert did not know what basis husband had in the land, nor did expert know the tax bracket of husband. However, we note from the record that this witness did conclude as her opinion that the $100,000 payment to the husband would equalize the husband's community interest in the ranch. Also, the trial court itself questioned husband about his basis in the ranch, his salary at his job and other factors affecting husband's taxes.

### III.

Husband claims that in an action to dissolve a marriage, the court has a duty to divide equally the property of the community. *Michelson v. Michelson*, 86 N.M. 107, 520 P.2d 263 (1974). We have no quarrel with the rule announced in *Michelson*.

Husband also contends that the proper and equitable method of dividing the property would be to divide it *in kind*. In *Ridgway, supra*, at 346, 610 P.2d at 750, this Court said:

> Even if the dollar amount of the property distribution is unequal ... there is no requirement that each party receive exactly the same dollar value as long as the

community property is equally apportioned by a method of division best suited under the circumstances. [Citations omitted.]

Under all the circumstances, we cannot say that the trial court abused its discretion or that it committed error as a matter of law in ordering that the ranch should go to the wife and that the husband should be paid $100,000 by the wife.

### IV.

Under this point, husband contends that based on policy considerations the court is under a duty to ease the transition of the parties after the divorce and that this is best accomplished by giving each spouse complete and immediate control over his or her share of the community property. He further reasons that it would be inconsistent with that policy to create a seven-year indebtedness on the part of the wife to the husband as was ordered in this case. We believe this to be a sound principle of law. However, we hesitate to interfere with the discretion of the trial court even if we were to have a different opinion of our own. The trial court has heard all of the evidence and we cannot say that under the circumstances in this case the trial court abused its discretion.

On cross-appeal, the wife contends that the finding of the trial court as to the value of Dyma Engineering was not warranted by substantial evidence. We disagree. In *Hurley v. Hurley*, 94 N.M. 641, 615 P.2d 256 (1980), we held that the good will of a business should be evaluated in order for the wife to get her fair share of the community property. In the present case, the trial court heard the evidence of expert witnesses who testified to the value of the business. Not only was there the testimony of expert witnesses, but the husband also testified concerning the value of the business. The trial court considered both book value and market value and we conclude that there was substantial evidence to sustain the trial court's determination.

The wife's attorney fees on appeal are allowed in the amount of $1,000.00.

**532**

The trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.