642 P.2d 201

STATE of New Mexico, Plaintiff-Appellee,

v.

John DOE, A Child, Defendant-Appellant.

No. 5420.

Court of Appeals of New Mexico.

Feb. 4, 1982.

Writ of Certiorari Denied March 18, 1982.

Thomas J. Horne, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

This appeal involves the order of the Children's Court transferring the child to District Court to be prosecuted on criminal charges, as an adult. We discuss: 1. psychological examination, 2. amenability to treatment or rehabilitation, and, 3. use of the child's statements.

*Psychological Examination :*

The petition filed in Children's Court alleged delinquency on the basis of two murders in the first degree. The Children's Court attorney moved that the matter be transferred to District Court, and also moved that the child be directed to undergo a psychological evaluation. Such an evaluation was ordered on the question of whether the child was amenable to treatment or rehabilitation as a child through available

facilities. The "amenability" question is involved in transfer proceedings. Sections 32–1–29 and 32–1–30, N.M.S.A.1978 (1981 Repl.Supp.).

The evaluation took place; the psychologist conducting the evaluation testified at the transfer hearing.

The child makes two claims. First, he asserts that the court lacked the authority to order the evaluation; that the only authority for a mental examination of a child is § 32–1–32(B), N.M.S.A.1978 (1981 Repl. Supp.), and that authority is limited to examination for competency. Second, he contends that testimony by the psychologist who conducted the examination violated the child's privilege against self-incrimination.

■ Both claims were answered, adverse to the child, in State v. Doe, 97 N.M. 263, 639 P.2d 72 (Ct.App.1981). The court may appoint experts under Evidence Rule 706. The psychologist's testimony does not indicate that he received any inculpatory statements from the child or that he relied on any such statements in making his evaluation.

*Amenability to Treatment or Rehabilitation :*

■ The motion to transfer was based on § 32–1–30, *supra.* Section 32–1–30(A)(4), *supra,* requires the court to have "considered whether the child is amenable to treatment or rehabilitation as a child through available facilities ...." Questions by the court at the transfer hearing show the court considered the amenability question. The court ruled that the child was not amenable to treatment or rehabilitation through available facilities.

The child contends the amenability ruling "is not supported by the evidence and in fact contrary evidence was presented and that ultimately the Trial Court committed an abuse of discretion in ordering said Transfer to Criminal Court."

The child's argument is that the psychologist's testimony went only to treatment at facilities available in New Mexico; that a diagnostic report showed the child was amenable to treatment in facilities outside New Mexico. The report was introduced into evidence, but not included in the appellate record. We do not know whether the facilities out-of-New Mexico were available. See State v. Doe, 91 N.M. 506, 576 P.2d 1137 (Ct.App.1978).

Assuming that the report showed available out-of-state facilities, this would not require a ruling by the court that the child was amenable to treatment through available facilities. The report was prepared four months prior to the homicides and five months prior to the transfer hearing. The court could properly consider the report as non-current. The court could also consider the psychologist's testimony that the report might be double edged; that the recommendation in the report for out-of-state treatment might be genuine or might be an attempt to find an alternative to returning the child to his community and environment. There is no testimony explaining the contents of the report. An amenability ruling, favorable to retaining the child in Children's Court, was not required as a matter of law.

■ The amenability question does not proceed on the basis of the sufficiency of the evidence to support a "finding." Section 32–1–30(A)(4), *supra,* requires consideration of the amenability question. "Findings" as to amenability are not a statutory requirement, nor are they a requirement under Children's Court Rule 43. If findings are made, the function of the finding is to show that consideration was given. On appeal, the issue is not the sufficiency of the evidence as to any amenability ruling; rather, the issue is whether the court's consideration of the amenability question was an abuse of discretion. State v. Doe, 93 N.M. 481, 601 P.2d 451 (Ct.App.1979). There was no abuse of discretion in this case.

*Use of Child's Statements :*

Although findings are not required on the amenability issue, § 32–1–30(A)(5), *supra,* requires a specific finding "that there are reasonable grounds to believe that the child

committed the alleged delinquent act." There is no contention that the requisite finding was not made. *See State v. Doe,* 93 N.M. 481, 601 P.2d 451, *supra.* The claim is that the child's statements were used in connection with this finding and such use was improper.

The pertinent portions of § 32–1–27, N.M.S.A.1978 (1981 Repl.Supp.), are:

C. No person subject to the provisions of the Children's Code who is alleged or suspected of being a delinquent child or a child in need of supervision may be interrogated or questioned without first advising the child of his constitutional rights and securing a knowing, intelligent and voluntary waiver.

D. Before any statement or confession may be introduced at a trial or hearing when a child is alleged to be a child in need of supervision or a delinquent child, the state must prove that the statement or confession offered in evidence was elicited only after a knowing, intelligent and voluntary waiver of the child's constitutional rights was obtained.

\*     \*     \*     \*     \*     \*

F. Notwithstanding any other provision to the contrary, no confessions, statements or admissions may be introduced against a child *under the age of fifteen years* prior to an adjudication on the allegations of the petition. [Emphasis added].

Paragraphs C and D go to custodial interrogation. *See State v. Dominguez,* Ct.App. 5490, decided January 7, 1982 and *State v. Edwards,* Ct.App. 4881, decided October 20, 1981 (21 S.B.B. 61). The court excluded evidence obtained pursuant to a search warrant because the testimony revealed that the affidavit for the search warrant utilized a statement that the child made to law enforcement personnel. In finding reasonable grounds to believe (probable cause, *see* Children's Court Rule 43), that the child committed the two homicides the trial court stated that its ruling was not based on statements the child made to police officers. Use of "custodial" statements having been excluded, paragraphs C and D are not involved in the appellate issue.

Paragraph F is not limited to custodial questioning; it goes to statements, confessions or admissions of a child in any context. If the child is "under the age of fifteen years," his statements, confessions or admissions may not be introduced against him prior to an adjudication on the allegations of the petition. In finding reasonable grounds to believe that the child committed the homicides, the court relied on the testimony of three witnesses. This testimony was to the effect that the child did the killings. This testimony included statements and admissions made by the child, to the witnesses, at or near the place of the killings both before and after the killings.

The child asserts that his statements and admissions to the three witnesses could not be used. The court found that the child had "a chronological age of 17 years and is of a mental age of 12 to 13 years. His ability to understand and comprehend the English language and make judgment decisions is the equivalent of a child with the chronological age of 12 to 13 years." On the basis of this finding, the child asserts he was under the age of fifteen years, and for this reason his statements and admissions could not be used. We disagree.

■ The numerous references to age in the children's code are references to years of age, not mental age. *See* §§ 32–1–3(A) and (B), 32–1–9(A), 32–1–19(C), 32–1–20(A), 32–1–27(I), 32–1–29(A)(1), 32–1–30(A)(1), N.M.S.A.1978 (1981 Repl.Supp.). A "year" is a period of solar days. Webster's, Third New International Dictionary, (1966). *Compare Matter of Doe,* 89 N.M. 507, 554 P.2d 669 (Ct.App.1976).

■ The age of fifteen years means the passage of fifteen of the units of time which are called years. Paragraph F does not refer to "mental age," and does not exclude use of the admissions and statements made by the child to the three witnesses.

The order of transfer is affirmed.

It is so ordered.

WALTERS, C. J., and HENDLEY, J., concur.