653 P.2d 164
Susan M. CREUSERE,
Petitioner-Appellee,

v.

F. Michael CREUSERE,
Respondent-Appellant.

No. 14185.

Supreme Court of New Mexico.

Oct. 18, 1982.

Wife custody of their child and ordered Husband to pay child support. Husband was granted visitation privileges. Husband appeals from the denial of joint custody.

The issue on appeal is whether the trial court erred in denying joint custody to Husband by failing to apply Section 40–4–9.1, N.M.S.A. 1978 (Cum.Supp.1982).

Section 40–4–9.1 provides:

A. In any proceeding in which there is at issue the custody of a minor, the court should first consider an award of joint custody of the minor if it is in the best interests of the minor.

B. An order for joint custody may be modified or terminated upon the motion of one or both parties or on the court's own motion if the best interests of the minor require the modification or termination of the order. The court shall state in its order the reasons for modification or termination of the joint custody order if either party opposes the modification or termination order.

C. For the purpose of this section, "joint custody" means an order of the court awarding custody of a minor to both parties and providing that physical custody shall be shared by the parties in such a way as to assure the minor of frequent and continuing contact with both parties; provided that the order may award joint legal custody without awarding joint physical custody. In any award of joint custody, both parties shall be given responsibility for the physical, mental and emotional well-being of the minor.

Husband argues that pursuant to Section 40–9–9.1, "the court should first consider an award of joint custody of the minor *if it is in the best interests of the minor.*" (Emphasis added.) The trial court found, however, that the level of compatibility between the parties did not support joint custody of their child.

A trial court has wide discretion in awarding custody of a child in a divorce

F. Michael Creusere, pro se.

George P. Jones, III, Albuquerque, for petitioner-appellee.

## OPINION

RIORDAN, Justice.

Susan M. Creusere (Wife) filed a petition for divorce based upon incompatibility and asked for sole permanent custody of their two year old son. F. Michael Creusere (Husband), in his response to the petition, asked for joint custody. The trial court refused to award joint custody and awarded

case, and the welfare of the child is of primary importance in making the award. *Ridgway v. Ridgway,* 94 N.M. 345, 610 P.2d 749 (1980); *Gholson v. Gholson,* 82 N.M. 473, 483 P.2d 1313 (1971); *Urzua v. Urzua,* 67 N.M. 304, 355 P.2d 123 (1960). Furthermore, we have held that "[t]he determination of the trial judge, *who saw the parties, observed their demeanor and heard their testimony* will not be overturned absent a manifest abuse of discretion." *Ridgway v. Ridgway, supra,* at 347, 610 P.2d at 751 (emphasis added). We apply this test of abuse of discretion to the review of joint custody decisions.

■ There is substantial evidence in the record to support the trial court's finding that the level of compatibility between the parties did not support joint custody of the child. *First National Bank of Santa Fe v. Wood,* 86 N.M. 165, 521 P.2d 127 (1974). This incompatibility is not in the best interests of their child. Therefore, we find no abuse of discretion, in the absence of which we will not reverse the trial court's determination. *Ridgway v. Ridgway, supra.* We affirm the trial court's order denying Husband's petition for joint custody and awarding the care, custody and control of their child to Wife subject to Husband's visitation rights.

IT IS SO ORDERED.

SOSA, Senior Justice, and GEORGE H. PEREZ, District Judge (Sitting by Designation), concur.