703 P.2d 922

**Lora Jean JARAMILLO,**
**Petitioner-Appellee,**

v.

**Mike R. JARAMILLO,**
**Respondent-Appellant.**

**No. 8145.**

Court of Appeals of New Mexico.

June 13, 1985.

Stephen Bridgforth, Sage, Beal, Bridgforth & Beal, P.C., Las Cruces, for petitioner-appellee.

Stephen A. Hubert, Martin, Cresswell, Hubert & Hernandez, P.A., Las Cruces, for respondent-appellant.

## OPINION

DONNELLY, Chief Judge.

The father, Mike R. Jaramillo, appeals from an order modifying a final divorce decree continuing joint custody of the minor daughter of the parties, but changing primary custody of the child from the father to the mother.

The father raises two issues on appeal: (1) whether substantial evidence supports a finding of a material change in circumstances; and (2) whether the court predicated its modification of primary custody on impermissible grounds. Reversed and remanded.

### BACKGROUND

The mother obtained a default judgment against the father granting a dissolution of the marriage on March 21, 1983. The judgment specified that the parties were awarded joint custody of their two year-old daughter, Aimee Nicole Jaramillo, "reserving to the [father] primary custodial care of the child and reserving to the [mother] * * * specific rights of visitation * * *." The default decree, drafted by the mother's attorney, also provided that she was required to pay monthly child support to her ex-husband and a portion of all medical and dental costs incurred by the child.

Following the divorce, the father and the minor child lived with a male roommate in a one bedroom apartment. Shortly thereafter, the mother began living with a boyfriend and continued to reside with him until they were married approximately one year later. During the year following the divorce, the mother exercised her child visitation rights under the decree, taking Aimee to live with her on alternate weekends and holidays.

The mother repeatedly objected to the living arrangements her ex-husband had chosen for the minor child. The father responded that his limited financial situation necessitated his sharing an apartment with a friend. The father worked and attended college part-time, studying engineering. During the time he was away from home, Aimee was left with a babysitter. Due to his job schedule, the father also had to work two or three evenings a month, during which time Aimee was left with a babysitter.

When the mother sought to visit the child or have her daughter at times, other than those specifically delineated in the decree, the parties usually disagreed. The mother asserted that her ex-husband was uncooperative and that their discussions concerning their child frequently ended with the parties shouting and arguing with each other.

On April 6, 1984, just over a year after entry of the divorce decree, the mother filed a motion to modify the final decree. The mother alleged that, since the granting of the initial decree, there had been a material change of circumstances "including * * a change of living conditions and circumstances with respect to the child's hab-

itation * * * a failure of the [father] to properly provide for the basic needs and well being of the child," and that the mother was now able to care for the child due to her remarriage.

Shortly after the motion to modify was filed, the father moved with the child into a three bedroom mobile home occupied by his sister. The mother testified that she was not given notification of her daughter's whereabouts and learned of the child's new residence when her former husband's deposition was taken at the hearing on the motion to modify. The mother also testified that following the divorce her former husband had not allowed her to participate in any decisions concerning her daughter's needs, and had refused to provide any basic information concerning the child. The mother testified that her ex-husband demanded that she not communicate with him in any manner except in cases of an emergency.

Following the hearing on the mother's motion to modify, and the submission of requested findings of fact and conclusions of law by the parties, the trial court rendered its decision and adopted a single finding of fact:

That the circumstances of the parties and their minor child pertaining to the custody and support of said minor child have materially changed since the entry of the Final Decree herein.

Based on the above finding, the court concluded that the final decree previously entered, should be modified so as to change the physical custody of the child to the mother "subject to reasonable rights of visitation in the Respondent," and prescribing specific times of visitation by the father, including child visitation for a continuous six-week period during each summer. Under the modified order, the father was also ordered to pay $50.00 per month child support.

**MODIFICATION OF CUSTODY**

At the outset, we are confronted with a formidable obstacle in reviewing the father's two contentions raised on appeal. The single finding of fact adopted by the trial court fails to specifically identify the basis for the trial court's order modifying primary physical custody for the child.

The legislature, as a matter of public policy, has specified that in any judicial proceeding involving custody of a minor the trial court shall "first consider an award of joint custody of the minor if it is in the best interests of the minor." NMSA 1978, § 40–4–9.1 (Repl.Pamp.1983). *See Strosnider v. Strosnider*, 101 N.M. 639, 686 P.2d 981 (Ct.App.1984).

Section 40–4–9.1(B), further provides:

An order for joint custody may be modified or terminated upon the motion of one or both parties or on the court's own motion if the best interests of the minor require the modification or termination of the order. *The court shall state in its order the reasons for modification or termination of the joint custody order if either party opposes the modification or termination order.* [Emphasis added.]

■ Although it is clear that a trial court has wide discretion in awarding or modifying custody of a child incident to a divorce action, *Creusere v. Creusere*, 98 N.M. 788, 653 P.2d 164 (1982); *Strosnider v. Strosnider*, the above statute requires that if the court modifies a prior decree establishing joint custody, over objection of the other party, the court must specifically delineate the reasons for the modification or termination. *See Annot.*, 70 A.L.R.3d 262 (1976).

■ An award of joint custody incident to a dissolution of marriage may at times require the trial court to adopt a specific finding indicating which parent, in the child's best interest and welfare, should be awarded primary physical custody of the child. As stated in the text 2 J. McCahey, *Child Custody and Visitation Law & Practice*, § 13.05[5] (1983):

[C]ourts considering an award of joint custody should distinguish between joint legal and joint physical custody * * *. A joint-custody award need not equally divide a child's physical custody. The crux

148

of a joint-custody award is that the parents share in the child's upbringing and the right to jointly make decisions affecting such matters as the child's health care, education, and religious training * * *. If it is determined that frequent shuttling of the child between homes will be detrimental to the child's best interests then physical custody may be primarily vested in one parent, with visitation rights awarded to the other.

 Both the father and mother submitted detailed requested findings of fact and conclusions of law relating to their requests to be awarded the primary physical custody of the child; all of which were refused by the trial court. While generally a trial court is not required to adopt evidentiary findings—only findings of ultimate fact—the court must adopt specific findings where a statute so requires. *See State v. Doe*, 93 N.M. 481, 601 P.2d 451 (Ct.App.1979); *State v. Doe*, 91 N.M. 644, 578 P.2d 345 (Ct.App.1978). *See also Holloway v. New Mexico Office Furniture*, 99 N.M. 525, 660 P.2d 615 (Ct.App.1983). Section 40–4–9.1(B) requires the trial court to adopt a specific finding of fact delineating the reason for modification or termination of joint custody where a party opposes such action.

The applicable rule was announced in *State v. Doe:*

The court did not make a specific finding.... Inasmuch as the statute requires a specific finding, and none was made, the transfer order is invalid because not entered in compliance with the statute. See *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977). *An implicit finding is insufficient when the statute requires a specific finding.*

93 N.M. at 482, 601 P.2d 451. [Emphasis added] [citation omitted.]

 When findings adopted by the trial court fail to specifically resolve the basic issues in dispute, the case must be remanded for adoption of proper findings. *Michelson v. Michelson*, 89 N.M. 282, 551 P.2d 638 (1976); *Mora v. Martinez*, 80 N.M. 88, 451 P.2d 992 (1969); *Walter E. Heller &*

*Co. of California v. Stephens*, 79 N.M. 74, 439 P.2d 723 (1968). *See also* NMSA 1978, Civ.P.R. 52(B)(1)(g) (Repl.Pamp.1980). As a general rule, the trial court must, when requested, find one way or another on a material fact issue. *Trigg v. Allemand*, 95 N.M. 128, 619 P.2d 573 (Ct.App.1980). *See Aguayo v. Village of Chama*, 79 N.M. 729, 449 P.2d 331 (1969); *State v. Doe.*

 The single finding of fact adopted by the trial court below is not adequate to permit meaningful appellate review of the issues raised by the father on appeal. The cause is remanded for adoption of specific findings as required under Section 40–4–9.1. The father is awarded costs incident to this appeal.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.