650 P.2d 851
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 5667.**

Court of Appeals of New Mexico.

Aug. 10, 1982.

Certiorari Denied Sept. 16, 1982.

Thomas J. Horne, Thomas J. Horne, P. C., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

John Doe appeals an order of the trial court which transferred his case to the district court pursuant to § 32–1–29, N.M.S.A. 1978 (Repl.Pamph.1981). We affirm.

The issue for decision is whether the findings of the trial court are supported by substantial evidence and whether they were made in accordance with the law.

John Doe, a juvenile, was charged with one count of aggravated assault upon a peace officer contrary to § 30–22–22(A)(1), N.M.S.A.1978, and one count of aggravated assault contrary to § 30–3–2(C), N.M.S.A. 1978. The Children's Court attorney entered a motion to transfer the case to the district court. The hearing was conducted on March 17, 1982. The trial court entered four significant findings which are stated as follows:

Finding No. 3. That there were reasonable grounds to believe that the respondent committed the delinquent acts contained in counts 1 and 2 of the petition in this matter to-wit, aggravated assault upon a peace officer and aggravated assault.

Finding No. 4. That pursuant to section 30–1–29, N.M.S.A.1978 Comp. as amended of the Children's Code, the respondent was not amenable to care and rehabilitation through available facilities.

Finding No. 5. The respondent was not committable to an institution for the mentally disordered or mentally disabled.

Finding No. 6. That the interest of the community required that the respondent be placed upon legal restraint for discipline and that pursuant to § 32–1–29, N.M.S.A.1978, Comp., as amended, the matter should be transferred for prosecution in the district court.

The trial court determined that all of the requirements in § 32–1–29 had been established and entered an order transferring jurisdiction to the district court.

John Doe challenges the court's order on grounds that there was insufficient evidence to support the court's finding No. 5, that "he was not committable to an institution for the mentally disordered or mentally disabled." John Doe argues that the court abused its discretion because the evidence was uncontradicted, that "he was committable to an institution". We disagree with John Doe. The summary of the evidence is as follows:

Dr. Lockwood testified that she used several psychological tests and reviewed the child's history in order to evaluate him. She was familiar with the programs at the New Mexico Boy's School at Springer and other group homes. In her opinion, the child was not amenable to treatment within the available facilities. She thought the child needed a secure setting with intense therapy over a period of perhaps three or five years. She was aware of the child's two previous commitments to the Boy's School and that the commitments were insufficient.

Dr. West, who also evaluated the child, testified that although he did not administer any formal psychological tests, he conducted a clinical interview and could still render an opinion. Based upon the child's history, he could label the child's personality as depressed, disordered and alcohol dependent. West said that the child was self-destructive and had tried to commit suicide in the "D" home. He concluded that the child was not amenable to treatment within available facilities and that the child was committable, under the Mental Health Code, due to mental disorder. He agreed with Dr. Lockwood that the child had not responded to previous programs and that he (the child) needed long term treatment. He further said that neither the Bernalillo County Mental Health Center nor the New Mexico State Hospital, Las Vegas would satisfy the child's needs.

Webster's Third New International Dictionary (1976 ed.) defines "committable" as "legally subject to being committed." A child is legally subject to being committed, in New Mexico,

only if it is shown by clear and convincing evidence:

(1) that as a result of mental disorder or developmental disability the minor needs *and is likely to benefit from the treatment or habilitation services proposed;* and

(2) that the proposed commitment is *consistent with the treatment needs of the minor * * *.*

Section 43–1–16.1 G, N.M.S.A. (1979 Repl. Pamph.). Though this was not a proceed-

ing for commitment under § 43–1–16.1, *supra*, the children's court is presumed to know what evidence is necessary to find a child "committable," in order that he may be able to make the necessary finding of § 32–1–29 A(4)(c), N.M.S.A.1978, that the child is *not* committable.

One expert described him as neurogically normal with normal intelligence, but antisocial. The other said he suffered from atypical depression, alcoholism, and a personality disorder. Both agreed, however, that no matter how defendant's problems might be classified there was no available program or facility that could adequately treat him.

Based upon that evidence alone, the trial court properly found that defendant was not committable.

We conclude that the record shows substantial evidence to support the trial court's findings and the findings are supported by law.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.