659 P.2d 1330

In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. J–96215.

No. 1 CA–JUV 190.

Court of Appeals of Arizona, Division 1, Department D.

Jan. 20, 1983.

Review Denied Feb. 23, 1983.

---

Gary Peter Klahr, Phoenix, for appellant.

Thomas E. Collins, Maricopa County Atty. by Q. Dale Hatch, Deputy County Atty., Phoenix, for appellee.

## OPINION

HAIRE, Presiding Judge.

This is an appeal from an order transferring the juvenile for prosecution as an adult on one charge of attempted burglary and twenty charges of burglary. The juvenile offers three grounds for his appeal:

(1) the juvenile court judge erred and/or abused his discretion in transferring the juvenile;

(2) the juvenile court judge erred in refusing to admit evidence that the transfer would be harmful to the child; and

(3) the juvenile court judge erred in setting an appearance bond with the provision that only a superior court judge could modify the bond.

We proceed to discuss each ground.

After a hearing held pursuant to Rule 14, Rules of Procedure for the Juvenile Court, 17A A.R.S., the juvenile court made the requisite findings for transfer. Rule 14(b) requires a finding of probable cause and reasonable grounds to believe that:

"(1) The child is not amenable to treatment or rehabilitation as a delinquent child through available facilities; and

"(2) The child is not commitable to an institution for mentally deficient, mentally defective or mentally ill persons; and

"(3) The safety or interest of the public requires that the child be transferred for criminal prosecution."

The juvenile contends that the evidence presented at the hearing does not support findings (1) and (3) above.

In reaching his decision to transfer, the juvenile court judge considered the juvenile's "red social file," consisting of all court orders, all petitions, the probation officer's transfer summary report, and the psychologist's evaluation. The judge heard testimony by the psychologist, the probation officer, the juvenile's sister, and the juvenile.

The psychologist noted the juvenile's immaturity, his moderate to high propensity to act out, and the "great deal of rage within [him] which could very easily overcome his pseudo ego defenses and encourage him to once again engage in [criminal] activity." The juvenile judge gave considerable weight to the number of offenses committed within a six month period. Furthermore, the juvenile had committed another burglary in California for which he was placed on probation in July 1980. We cannot say that this evidence failed to provide "reasonable grounds" to support the juvenile court judge's findings. *See In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–93117,* 134 Ariz. 105, 654 P.2d 39 (App.1982).

While both the psychologist and probation officer recommended against transferring the juvenile for prosecution as an adult, the juvenile court was not bound to follow these recommendations. *In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–93117, supra,* 654 P.2d at 43; *In the Matter of the Appeal in Pima County, Juvenile Action No. 53358–6,* 126 Ariz. 417, 417–18, 616 P.2d 92, 92–93 (App. 1980); *cf. In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–72804,* 18 Ariz.App. 560, 563, 504 P.2d 501, 504 (1972) (juvenile court should not be limited solely to expert opinion evidence).

■ Finally, like the juvenile court judge, we are particularly concerned about the little time remaining within juvenile jurisdiction. The transfer order occurred on September 22, 1982, and the juvenile reaches the age of 18 on April 7, 1983. The juvenile court judge concluded that given

the juvenile's history and emotional problems, the likelihood of reasonable rehabilitation and the prospects for adequate protection of the public in the six and one-half months of juvenile jurisdiction were untenable. This was a reasonable conclusion. The court may consider the length of time available for treatment through the services and facilities within the juvenile system. *See In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–93117, supra,* 654 P.2d at 42 (at time of transfer hearing, juvenile subject to juvenile jurisdiction for less than six weeks); *In the Matter of the Appeal in Pima County, Juvenile Action No. 35834–1,* 20 Ariz.App. 10, 13–14, 509 P.2d 1047, 1050–51 (1973) (at time of transfer hearing, juvenile subject to juvenile jurisdiction for one and one-half months). We note that a remand by this court of the juvenile to the juvenile court would occur with even less time remaining for effective rehabilitation. However, since we have decided that the trial judge acted reasonably in entering the transfer order, we need not decide whether the time remaining for effective rehabilitation after our remand is a factor to be considered by this court.

■ The second ground for appeal involves the exclusion of testimony regarding the effect of the transfer on the juvenile. The juvenile maintains that prosecution as an adult and the possible resulting contact with the adult prison system might hinder rehabilitation efforts by actually increasing the likelihood of further criminal activity. The juvenile then contends that this long-range effect is relevant to the protection of the public interest which must be considered in ordering a transfer. *See* Rule 14(b)(3).

We agree that evidence on the effect of transfer on the juvenile is relevant, but we find no reversible error in this case. The juvenile court judge did not allow the probation officer to respond to the question "Do you see any advantages to the public in his remand if he was transferred?" Nevertheless, counsel was able to raise the issue of possible harm to the juvenile and its

effect in questioning the psychologist and the juvenile's sister. The following exchanges illustrate:

"Q. How would he do in an Adult Prison? Would that help him or would it hurt him?

"A. I think it would hurt him quite a bit since he's been a follower for so long and he is so much in need of nurturing and affection and acclaim from others.

With those much older than himself, he would quickly subordinate himself to do any various number of activities; things that would have a negative impact on his overall development.

"Q. Do you think it might actually endanger the public more by encouraging further crime after he gets out?

"A. Oh, I think so.

\* \* \* \* \* \*

"Q. Would you think that an Adult Facility would be counterproductive to his future, even his future, as a law abiding citizen?

"A. Yes, I do. I think—well, he's not very mature. I don't think he could deal with it at all."

While the juvenile court judge may have precluded any detailed elaboration of harmful effect on the public interest, counsel was able to introduce some opinion testimony to that effect.

■ The third ground for appeal involves the bond provision. The juvenile court judge set a secured appearance bond and ordered that it "shall remain in effect until further order of a Superior Court Judge." The juvenile contends that the judge had no authority to prohibit a commissioner or magistrate from reviewing the bond. We agree.

Pursuant to Rule 14(c), Rules of Procedure for the Juvenile Court, 17A A.R.S., upon transfer the juvenile court judge may release the juvenile on bail. Thus, the order setting a secured appearance bond was valid. The judge may not, however, set conditions on bond which contravene other statutes dealing with criminal procedure.

Statutory provisions relevant to release and bail are found in both the rules of criminal procedure and criminal code. Rule 7.4, Rules of Criminal Procedure, 17 A.R.S., outlines the procedure for determining conditions of release. The rule specifically provides for review and amendment of conditions originally set at the defendant's initial appearance as follows:

"b. **Subsequent Review of Conditions.** Any person remaining in custody may move for reexamination of the conditions of his release whenever his case is transferred to a different court or his motion alleges the existence of material facts not previously presented to the court.

"c. **Amendment of Conditions.** The court before which a criminal case is pending may, on its own initiative, at any time modify the conditions of release, after giving the parties an opportunity to respond to the proposed modification."

The comment to subsection (b) notes that "different court" does not apply to a different division of the superior court. In our opinion, a transfer from juvenile court to superior court for prosecution as an adult is not a transfer to a different division of superior court within the meaning of that comment.[1] Thus, under Rule 7.4(b), the juvenile may move for reexamination of the conditions of his release when he is transferred for prosecution as an adult.

Subsection (c) indicates that the court before which a criminal case is pending may modify the conditions of release. After the transfer, the court before which the juvenile's case is pending may be a magistrate, court commissioner, or justice of the peace.

---

1. We recognize that the statutory definition of "juvenile court" refers to the juvenile division of the superior court. *See* A.R.S. § 8–201(14). Nevertheless, there is a qualitative difference between the juvenile court and other superior court divisions. All hearings and procedures relating to juveniles under the jurisdiction of the juvenile court are governed by special rules of procedure. *See* Rules of Procedure for the Juvenile Court, 17A A.R.S. Furthermore, juvenile proceedings are not criminal proceedings. *In the Matter of the Appeal in Yavapai County, Juvenile Action No. 7707*, 25 Ariz.App. 397, 399, 543 P.2d 1154, 1156 (1975).

Therefore, under Rule 7.4(c), a judicial officer other than a superior court judge may modify the conditions of release.

The criminal code also refers to the authority to amend a release order in A.R.S. § 13–3967(G) which reads as follows:

"G. A judicial officer ordering the release of a person on any condition specified in this section or the court in which a prosecution is pending may at any time amend the order to employ additional or different conditions of release, including either an increase or reduction in the amount of bail. The defendant shall upon application be entitled to have the conditions of release reviewed by the judicial officer who imposed them or by the court in which the prosecution is pending. Reasonable notice of such application shall be given to the county attorney."

Again, "the court in which a prosecution is pending" may be other than a superior court. Thus, it is clear that under § 13–3967(G) a judicial officer other than a superior court judge may review the conditions of release. Furthermore, the defendant is entitled to such review.

The juvenile court judge's order providing that only a superior court judge can review the bond he set contravenes the authority to review the conditions of release granted to other judicial officers by the rules of criminal procedure and the statutory provisions of the criminal code. Furthermore, such "freezing" of release conditions could effectively undermine the right to release before conviction established in Rule 7.2(a).[2] An example will illustrate.

Rule 7.2(a) indicates that the court should impose the least onerous conditions reasonably necessary to assure the defendant's appearance. The comment to Rule 7.4(a) delineates factors to consider in determining conditions of release at the defendant's initial appearance before a magistrate.

These factors are codified at A.R.S. § 13–3967(C). Precluding review by anyone other than a superior court judge compels the magistrate to conclude that execution of a secured bond in the amount set by the juvenile court judge is necessary to assure the juvenile's appearance. Because none of the factors suggested by the comment to Rule 7.4(a) is considered, such a condition of release may not be the least onerous reasonably necessary.

In conclusion, we hold that the juvenile court judge had no authority to limit the authority of any judicial officer to reconsider and modify the conditions of release. Thus, we vacate that portion of the juvenile court's transfer order. In all other respects, the order is affirmed.

EUBANK and MEYERSON, JJ., concur.

---

**2.** Rule 7.2(a) reads as follows:

"a. **Before Conviction.** Any person charged with an offense bailable as a matter of right shall be released pending or during trial on his own recognizance, unless the court determines, in its discretion, that such

a release will not reasonably assure his appearance as required. If such a determination is made, the court may impose the least onerous condition or conditions contained in Rule 7.3(b) which will reasonably assure his appearance."