The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Opinion Number:**

**Filing Date:** February 27, 2023

**NO. S-1-SC-38130**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**CHRISTOPHER T. RODRIGUEZ,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Brett R. Loveless, District Judge**

Bennett J. Bauer, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
John J. Woykovsky, Assistant Attorney General
Santa Fe, NM

for Respondent

American Civil Liberties Union of New Mexico
Leon Howard, III
Albuquerque, NM

Juvenile Law Center
Marsha L. Levick
Philadelphia, PA


for Amici Curiae Juvenile Law Center, Campaign for Youth Justice, and The Sentencing Project

**OPINION**

**VIGIL, Justice.**

{1} The Delinquency Act, NMSA 1978, §§ 32A-2-1 to -33 (1993, as amended through 2021), directs that a "youthful offender" who has been found guilty of committing certain felonies is entitled to an amenability hearing to determine if the child will receive an adult sentence or juvenile sanctions. Section 32A-2-20. Defendant Christopher T. Rodriguez pleaded guilty to felony offenses committed when he was sixteen years old under a plea and disposition agreement, and following an amenability hearing, the district court imposed an adult sentence.

{2} Defendant appealed the amenability determination, and on its own motion, the Court of Appeals held that under the plea and disposition agreement, Defendant waived his right to appeal. *State v. Rodriguez*, A-1-CA-37324, mem. op. ¶¶ 1, 9 (N.M. Ct. App. Nov. 27, 2019) (nonprecedential). We granted certiorari to determine whether a juvenile waives the right to appeal an amenability determination by entering into a plea and disposition agreement. We hold that the right is not waived, reverse the Court of Appeals, and remand the case to the Court of Appeals to decide Defendant's appeal on the merits.

## I. BACKGROUND

## A. District Court

{3} In the plea and disposition agreement, Defendant agreed to plead guilty to one count of aggravated burglary (deadly weapon), pursuant to NMSA 1978, Section 30-16-4(A) (1963) and NMSA 1978, Section 31-18-16 (1993, amended 2022); two counts of conspiracy to commit aggravated burglary (deadly weapon), pursuant to NMSA 1978, Section 30-28-2 (1979) and Section 30-16-4(A); one count of unauthorized use of the card of another, pursuant to NMSA 1978, Section 58-16-16(B) (1990); three counts of residential burglary, pursuant to NMSA 1978, Section 30-16-3(A) (1971); and two counts of auto burglary, pursuant to Section 30-16-3(B).

{4} The plea and disposition agreement provided that "[s]ome of the charges make [Defendant] a 'youthful offender,['] therefore an amenability hearing will need to be held to determine whether [Defendant] will receive a juvenile or adult sentence." The agreement further provided a "waiver of defenses and appeal" provision that stated:

> Unless this plea is rejected or withdrawn, [Defendant] gives up all motions, defenses, objections, or requests which he has made or could make concerning the [c]ourt's entry of judgment against him if that judgment is consistent with this agreement. [Defendant] specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement.

{5}     The potential adult sentence listed in the agreement was thirty-one years and six months of incarceration, and there were "no other agreements as to sentencing." Defendant verbally acknowledged that he read, understood, and agreed to the terms of the agreement, and also noted his approval by signing the agreement. The agreement was then signed by Defendant's attorney, the prosecutor, and the district court judge.

{6}     Following the amenability hearing, the district court entered its order finding that Defendant was "not amenable to treatment as a juvenile." Defendant was sentenced as an adult to thirty-one years and six months with seventeen years and six months suspended pursuant to Section 32A-2-20(A), (B).

**B.     Court of Appeals**

{7}     Defendant appealed to the Court of Appeals, arguing that the district court abused its discretion in finding that he was not amenable to treatment in the juvenile system. The Court of Appeals did not address the merits of Defendant's argument. *See Rodriguez*, A-1-CA-37324, mem. op. ¶¶ 6-10. Instead, after raising the issue on its own, the Court proceeded to determine whether Defendant waived his right to appeal under the plea and disposition agreement. *Id.* ¶ 6. Concluding that because the sentence imposed was within the parameters set forth in the plea and disposition agreement, the Court of Appeals held that Defendant waived his right to appeal the

3

outcome of the amenability hearing and dismissed the appeal. *Id.* ¶¶ 8, 10. We granted Defendant's petition for a writ of certiorari to review this holding. *See* Rule 12-502 NMRA.

## II. DISCUSSION

{8} Defendant asserts that he did not and could not waive his right to challenge the district court's amenability determination. Because "[t]he right to appeal is a matter of substantive law," our review of whether Defendant is entitled to appeal the result of the amenability hearing is de novo. *State v. Cruz*, 2021-NMSC-015, ¶ 31, 486 P.3d 1 (alteration, internal quotation marks, and citation omitted). Defendant contends that the Court of Appeals' ruling is "inconsistent with [our holding] in *State v. Jones*, 2010-NMSC-012, ¶ 38, 148 N.M. 1, [229 P.3d 474,] . . . that a juvenile defendant cannot bargain away the amenability determination." The State argues that Defendant did not specifically reserve the right to appeal the amenability hearing in the plea and disposition agreement, and therefore, the waiver of defenses and right to appeal in the agreement controls. In response, Defendant makes two arguments. First, Defendant contends that because the amenability determination cannot be waived by the child, "[i]t only follows that the child retains the right to appeal [an amenability determination], as it affects the very authority of the district court to impose an adult sentence." Second, he argues that the sentence imposed was illegal

4

because there was not clear and convincing evidence to support a finding that he was not amenable to treatment. Because we agree with Defendant's first argument and because the question of whether Defendant waived his right to appeal the amenability determination was the sole issue granted on certiorari, we address only this point. *See* Rule 12-502(C)(2)(b).

{9} We begin by briefly reviewing the statutorily created right to an amenability determination. *See* § 32A-2-20(B), (C). We then discuss our holding in *Jones*, 2010-NMSC-012, and how an amenability determination cannot be waived by a juvenile. Finally, we review the types of sentencing claims that may be raised on appeal despite a valid guilty plea and appellate waiver. Concluding that a juvenile's guilty plea may neither waive the right to an amenability determination nor the right to appeal the outcome of such a determination, we reverse and remand to the Court of Appeals for consideration of the merits of Defendant's challenges to the amenability determination.

**A.     The Statutory Right to an Amenability Determination**

{10} Under our Delinquency Act, §§ 32A-2-1 to -33, there are three classes of juvenile offenders: serious youthful offenders, youthful offenders, and delinquent offenders. *See* § 32A-2-3(C), (H), and (J). One definition of a "youthful offender" includes a "delinquent child subject to adult or juvenile sanctions" who is fourteen

5

to eighteen years old at the time of the offense and who is guilty of any of a series of listed offenses, including aggravated burglary. Section 32A-2-3(J)(1)(k). Because Defendant pleaded guilty to aggravated burglary and was sixteen at the time of the offense, he is a youthful offender.

{11}     Youthful offenders are not automatically subject to adult sanctions—certain procedural protections afforded by the Delinquency Act must be met before an adult sentence can be imposed upon a juvenile. Notably, "the court *shall* make the following findings in order to invoke an adult sentence: (1) the child is not amenable to treatment or rehabilitation as a child in available facilities; and (2) the child is not eligible for commitment to an institution for children with developmental disabilities or mental disorders." Section 32A-2-20(B) (emphasis added). In making these findings, the court

>   *shall* consider the following factors:
>
>   (1)     the seriousness of the alleged offense;
>
>   (2)     whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner;
>
>   (3)     whether a firearm was used to commit the alleged offense;
>
>   (4)     whether the alleged offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted;

(5) the maturity of the child as determined by consideration of the child's home, environmental situation, social and emotional health, pattern of living, brain development, trauma history and disability;

(6) the record and previous history of the child;

(7) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services and facilities currently available; and

(8) any other relevant factor, provided that factor is stated on the record.

Section 32A-2-20(C) (emphasis added); *see also* Rule 10-247(F) NMRA. To "consider" a factor, the court must "think about this evidence with a degree of care and caution." *State v. Doe*, 1979-NMCA-122, ¶ 13, 93 N.M. 481, 601 P.2d 451 (internal quotation marks and citation omitted). Further, the court must make findings as to each factor. *State v. Sosa*, 1997-NMSC-032, ¶ 8, 123 N.M. 564, 943 P.2d 1017, *abrogated on other grounds by State v. Porter*, 2020-NMSC-020, ¶¶ 6-10, 476 P.3d 1201; *see also Jones*, 2010-NMSC-012, ¶ 41 (explaining that "none of those factors, standing alone, is dispositive").

{12} The plain language, "the court shall make the following findings in order to invoke an adult sentence," § 32A-2-20(B), and the court "shall consider the following factors," § 32A-2-20(C), demonstrates "that the Legislature intended the court to make an amenability determination whenever it considers imposing an adult

sentence," and in making that determination, the court must take into account certain criteria. *Jones*, 2010-NMSC-012, ¶ 24. However, this was not always the case.

{13} In 1975, the Legislature "lowered the threshold for transfer to district court for certain serious offenses." *Id.* ¶ 30; *see* 1975 N.M. Laws, ch. 320, § 4(A)(1). The 1975 amendment allowed the "discretionary transfer to criminal court" by the children's court, which only had to hold a hearing to "consider[]" the juvenile's amenability to treatment and find "that there [were] reasonable grounds to believe that the child committed the alleged delinquent act." 1975 N.M. Laws, ch. 320, § 4(A)(1), (4), (5); *see also State v. Doe*, 1983-NMSC-105, ¶ 5, 100 N.M. 649, 674 P.2d 1109 (holding that this statute only required the court to consider child's amenability, rather than make a specific finding).

{14} In 1993, with the passage of the Delinquency Act, the Legislature removed the relaxed requirements to transfer a juvenile proceeding to the district court for an adult trial and extended protections of the juvenile system to all juvenile offenders except "serious youthful offenders" charged with first-degree murder. *See* 1993 N.M. Laws, ch. 77, § 32(H); *see also* § 32A-2-3(H). A court can no longer merely "consider" the child's amenability to treatment. *See* § 32A-2-20(B)(1). Instead, it has to make the specific finding that "the child is not amenable to treatment or rehabilitation as a child in available facilities," *id.*, and that finding must be based

on consideration of the Section 32A-2-20(C) factors listed above. Hence, the legislative history demonstrates "an evolving concern that children be treated as children so long as they can benefit from the treatment and rehabilitation provided for in the Delinquency Act." *Jones*, 2010-NMSC-012, ¶ 32.

{15}     In addition to the legislative history, other parts of the Delinquency Act "reflect the Legislature's intent to insulate delinquent children from the potentially life-long consequences under the adult criminal justice system that may flow from a bad decision." *Id.* ¶ 37. For example, the primary purpose of the Delinquency Act is "consistent with the protection of the public interest, to remove from children committing delinquent acts the adult consequences of criminal behavior, but to still hold children committing delinquent acts accountable for their actions to the extent of the child's age, education, mental and physical condition, background and all other relevant factors." Section 32A-2-2(A). "Thus, unlike the adult criminal justice system, with its focus on punishment and deterrence, the juvenile justice system reflects a policy favoring the rehabilitation and treatment of children." *Jones*, 2010-NMSC-012, ¶ 35 (internal quotation marks and citation omitted). Another example is Section 32A-2-19, which "delimits the court's authority and discretion to hold a child accountable after being adjudicated delinquent." *Jones*, 2010-NMSC-012, ¶

9

37; *see* § 32A-2-19(B) (limiting the dispositions following a delinquent adjudication).

{16} Knowing the Legislature tailored the Delinquency Act to promote rehabilitation and treatment of children and that there is a statutorily created right to an amenability determination, we now turn to our holding in *Jones*, 2010-NMSC-012.

**B.    An Amenability Determination Cannot Be Waived**

{17} In *Jones*, we held that a "finding of non-amenability is the trigger for the court's authority to sentence a youthful offender as an adult," and that the statutory right to an amenability hearing may not be waived. *Id.* ¶¶ 38, 46. Said another way, an amenability determination is a nonwaivable "condition precedent to a court invoking an adult sentence." *Id.* ¶ 24. The juvenile defendant in *Jones* was originally charged with first-degree murder and classified as a serious youthful offender. *Id.* ¶ 1. However, the juvenile defendant pleaded guilty to a lesser crime and was then classified as a youthful offender. *Id.* ¶¶ 1, 22. As such, the defendant "was entitled to the full range of protections afforded by the Delinquency Act." *Id.* ¶ 22.

{18} The plea agreement in *Jones* included a provision stating, "There is no agreement as to sentencing other than that [the juvenile defendant] agrees to be sentenced as an adult." *Id.* ¶ 7 (internal quotation marks omitted). As such, the

district court sentenced the defendant to the maximum adult sentence allowed without making an amenability determination. *Id.* ¶¶ 1, 8. The defendant appealed, arguing that "[a]s a youthful offender, . . . the children's court lacked the authority to sentence him as an adult without first determining his amenability to treatment or rehabilitation as a juvenile, even if he did not ask for such a hearing and appeared to waive it." *Id.* ¶¶ 2, 9. We agreed. *Id.* ¶ 3. Concluding that a finding of nonamenability is "the necessary leverage to dislodge a youthful offender from the protective dispositional scheme of the Delinquency Act," we invalidated the defendant's plea agreement. *Id.* ¶¶ 3, 38.

**C. An Amenability Determination Can Be Challenged on Appeal Despite the Entry of a Valid Guilty Plea and Appellate Waiver**

{19} We now turn to the question of whether a challenge to an amenability determination is a jurisdictional defect that may be raised on appeal, notwithstanding the entry of a valid guilty plea and appellate waiver. Questions of subject matter jurisdiction are also reviewed de novo. *State v. Chavarria*, 2009-NMSC-020, ¶ 11, 146 N.M. 251, 208 P.3d 896.

{20} The Delinquency Act is part of the Children's Code, NMSA 1978, §§ 32A-1-1 to -28-42 (1993, as amended through 2022). "Because proceedings under the Children's Code are special statutory proceedings," the right to appeal falls under NMSA 1978, Section 39-3-7 (1966), which provides that any aggrieved party may

appeal "the entry of any final judgment or decision, . . . or any final order after entry of judgment which affects substantial rights, in any special statutory proceeding in the district court." *State v. Nehemiah G.*, 2018-NMCA-034, ¶¶ 14-15, 417 P.3d 1175 (alteration in original) (brackets, internal quotation marks, and citation omitted) (applying Section 39-3-7 for the right to appeal an amenability determination); *see* NMSA 1978, § 32A-1-5 (1993) (establishing the children's court as a division of the district court). That said, "a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction *on other than jurisdictional grounds*." *Chavarria*, 2009-NMSC-020, ¶ 9 (emphasis added) (internal quotation marks and citation omitted). To put it another way, a plea may waive the right to appeal statutory or constitutional rights, *see id.*, but it "may not waive the right to challenge on appeal whether a sentence was imposed without jurisdiction." *State v. Tafoya*, 2010-NMSC-019, ¶ 6, 148 N.M. 391, 237 P.3d 693; *see also State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 ("[A] plea of guilty does not waive jurisdictional errors."); Rule 12-321(B)(1) NMRA (providing that jurisdictional challenges may be raised for the first time on appeal). Accordingly, whether Defendant may raise a challenge to the amenability determination on appeal turns on whether that claim is jurisdictional. *See Chavarria*, 2009-NMSC-020, ¶¶ 9-10.

{21} In *Chavarria*, we addressed the meaning of "jurisdictional" in the context of sentencing. We explained that "[t]he only relevant inquiry in determining whether the court has subject matter jurisdiction is to ask whether the matter before the court falls within the general scope of authority conferred upon such court by the constitution or statute." *Id.* ¶ 11 (alteration, internal quotation marks, and citation omitted). A court's "power to sentence is derived exclusively from statute." *Id.* ¶ 12 (internal quotation marks and citation omitted). Thus, "a court's sentencing power properly is considered part of its subject matter jurisdiction." *Tafoya*, 2010-NMSC-019, ¶ 7; *cf. State v. Wyman*, 2008-NMCA-113, ¶ 2, 144 N.M. 701, 191 P.3d 559 ("A claim that a sentence is illegal and unauthorized by statute is jurisdictional and may be raised for the first time on appeal."). Consequently, whether a sentencing court acts within its jurisdiction hinges on whether the defendant's sentence was authorized by the sentencing statute. *See Chavarria*, 2009-NMSC-020, ¶¶ 11-12.

{22} Here, the sentencing statute is Section 32A-2-20, which is titled "Disposition of a youthful offender." As reflected above, Section 32A-2-20(B) and (C) mandates that "in order to invoke an adult sentence," the court must find that "the child is not amenable to treatment or rehabilitation as a child" and in making that finding, must consider certain factors. As we said in *Jones*, "The finding of non-amenability is the trigger for the court's authority to sentence a youthful offender as an adult." 2010-

13

NMSC-012, ¶ 38. *See* Rule 10-247(B) ("The court shall not impose adult sanctions without holding an amenability hearing."). Because of this, we conclude that a challenge to an amenability determination presents a challenge to the jurisdiction of the district court to impose an adult sentence, and it may be raised on appeal notwithstanding the entry of a valid guilty plea and appellate waiver. This conclusion is reinforced by the concern of the Legislature "that children be treated as children so long as they can benefit from the treatment and rehabilitation provided for in the Delinquency Act." *Jones*, 2010-NMSC-012, ¶ 32.

{23}     If we were to conclude that a juvenile defendant waived the right to appeal an amenability determination—by express waiver or, as in this case, implicitly with a general appellate waiver provision—we would render the amenability hearing itself, the factors detailed in Section 32A-2-20(C), and our holding in *Jones*, pointless. If a juvenile defendant waived the ability to appeal the outcome of an amenability hearing, a hearing we said in *Jones* could not "be bargained away," 2010-NMSC-012, ¶ 46, a court could simply "consider" the child's amenability, ignoring the factors of Section 32A-2-20(C), and find that the child is not amenable to treatment or rehabilitation as a juvenile. This would reduce the amenability hearing to nothing more than window dressing and effectively reinstate the 1975 "discretionary transfer

14

to criminal court." *See* 1975 N.M. Laws, ch. 320, § 4(A). Given the interests at stake, we do not condone such an outcome.

{24}    "We are hard-pressed to conceive of a decision that cuts closer to the core of society's interest than an election to give up on one of its children." *Jones*, 2010-NMSC-012, ¶ 46. We will not declare an amenability determination—a determination that implicates the interests of the child, the child's family, and society as a whole—nothing more than an empty shell along the path to imposing an adult sentence upon a juvenile. Because Defendant could not waive the ability to appeal the outcome of his amenability hearing, we reverse the Court of Appeals.

**III.    CONCLUSION**

{25}    We conclude that a juvenile's guilty plea may neither waive the right to an amenability determination, *id.*, nor can it waive the right to appeal the outcome of an amenability determination. Without a finding of nonamenability, the court lacks the authority to sentence a juvenile defendant as an adult. *See id.* ¶ 38. As such, a challenge to an amenability determination presents a jurisdictional argument that may be raised on appeal notwithstanding the entry of a valid guilty plea and appellate waiver. *Cf. Tafoya*, 2010-NMSC-019, ¶¶ 6-8 (stating that the defendant's plea agreement did not waive the right to appeal a claim that the district court erroneously applied the Earned Meritorious Deductions Act in fashioning his sentence); *Trujillo*,

2007-NMSC-017, ¶¶ 7-9 (treating as a jurisdictional matter the issue of whether the trial court could enhance the defendant's sentence as a habitual offender).

{26} "Because we see no justification for applying today's rule retroactively, we hold that the rule applies only to this and all other cases in which a verdict has not been reached and those cases on direct review in which the issue was raised and preserved below." *Jones*, 2010-NMSC-012, ¶ 49 (internal quotation marks and citation omitted). Accordingly, we reverse and remand to the Court of Appeals to consider the merits of Defendant's challenges to the amenability determination.

{27} **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

_____
**C. SHANNON BACON, Chief Justice**

_____
**DAVID K. THOMSON, Justice**

_____
**BRIANA H. ZAMORA, Justice**

_____
**T. GLENN ELLINGTON, Judge**
**Sitting by designation**