714 P.2d 863

**In the Matter of the APPEAL IN PINAL COUNTY JUVENILE ACTION NO. J-1444.**

**No. 2 CA–CIV 5592.**

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 30, 1986.

Roy A. Mendoza, Pinal County Atty. by Jeanne M. Benda, Florence, for State.

Kirk V. Karman, Casa Grande, for Juvenile.

FERNANDEZ, Judge.

The issue in this case is whether the juvenile court erred in granting the state's motion to transfer the juvenile to adult court for prosecution. We find that the court did not err in its determination and affirm the order.

On September 1, 1985, in the early evening hours, the juvenile forced his way into the apartment of the victim. The victim was forced at gunpoint into her back bedroom, where her hands were bound behind her with an electrical cord the juvenile had brought with him and a piece of cloth was placed over her mouth. The juvenile went to the living room, turned on the television, procured a knife from the kitchen and returned to the bedroom. He used the knife to remove her clothing and forcibly raped the victim. The victim was left bound and, after rummaging through her purse, the juvenile left the apartment. Based on the statement and the description given by the victim and the statement of the apartment manager in her apartment complex, a search warrant was obtained for the juvenile's residence and was served on September 2, 1985. A search of the house revealed a disassembled table lamp missing an electrical cord and a cloth suspender that matched the item used to gag the victim. The search also revealed a small bag similar to the one witnesses described the assailant as carrying, and the juvenile's mother turned over her gun which her son had had the night before. The juvenile was arrested at his place of employment.

On September 3, 1985, a delinquency petition was filed alleging conduct amounting to sexual assault, burglary in the first degree, kidnapping and aggravated assault. A transfer hearing was requested on September 4, and on that date, counsel was appointed to represent the juvenile. On the same day, at the request of both parties, the juvenile court ordered a Rule 11-type evaluation, appointed psychiatrists to perform the examination and ordered that reports be submitted to the court. See Rule 12(c), Rules of Procedure for the Juvenile Court, 17A A.R.S. On September 20, an advisory hearing was conducted and, pursuant to Rule 14(a), Rules of Procedure for the Juvenile Court, 17A A.R.S., the juvenile waived the determination of probable cause. The second phase of the transfer hearing was held on October 4, 1985. The court ordered the juvenile transferred to adult court as to all charges filed in the petition. On appeal, the juvenile contends that the court erred in ordering the transfer. Specifically, he contends that "the transfer was had without sufficient evidence of the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of services and facilities currently available to juvenile court." Further, he argues that the testimony of the juvenile probation officer did not satisfy the requirements of Rule 14, Rules of Procedure for the Juvenile Court, 17A A.R.S.

At the transfer hearing, the juvenile probation officer testified as the state's witness. The probation officer was cross-examined by the juvenile's attorney and was examined by the court. The court advised the juvenile of his right to have witnesses testify, but the juvenile presented no further evidence at the hearing. The court found it in the best interest of the public that the minor be transferred to adult court, finding that

"1. In accordance with the Transfer Investigation Report, the offenses were serious in nature.

2. The offenses were committed against a person.

3. There is no possibility of rehabilitation within the juvenile system as the minor will be eighteen (18) years of age in nine (9) months."

The court had the benefit of the transfer investigation report as well as the examination reports of two psychiatrists as to the juvenile's mental condition, along with the written evaluation of a neurologist. Rule 14(c) requires the juvenile court to determine whether the public safety or interest would best be served by the transfer of the minor for criminal prosecution. In deciding whether the juvenile court should waive jurisdiction and order a transfer, Rule 14(c) requires the court to consider certain factors.[1] Appellant argues that the

---

1. "1. the seriousness of the alleged offense and whether it was committed in an aggressive, violent, premeditated or willful manner;

juvenile probation officer concluded that appellant was not amenable to treatment within the juvenile system based solely upon the seriousness of the crime. Due process requires that a transfer decision be based upon articulated reasons, and in that regard, it is the law that the seriousness of an offense may not in itself be dispositive of the case. *Matter of Appeal in Maricopa County Juvenile Action No. J–96430,* 142 Ariz. 515, 520, 690 P.2d 816, 821 (App. 1984). In the present case, the seriousness of the offense is not the sole articulated reason for ordering the transfer.

▆▆▆ In the transfer investigation report, the juvenile probation department recommended that appellant be transferred to adult court for prosecution on all charges alleged in the petition. The report thoroughly analyzed the minor's situation in relation to the eight factors set forth in Rule 14(c). The court considered the seriousness of the offenses which, according to the report, were committed "in an aggressive, violent premeditated and willful manner ... while using a deadly weapon." Furthermore, the offenses were committed against a person and, as noted in the report, "[p]ersonal injury resulted and the victim ... also suffered great emotional trauma." Finally, the court found no possibility of rehabilitation within the juvenile system because of the proximity of appellant's eighteenth birthday. The probation officer stated in the report that the "likelihood of rehabilitation as a juvenile would require intenseive [sic] therapy and services which would last beyond this minor reaching the age of majority [and i]t would not be effective or appropriate for this court to seek such a placement." With the serious nature of the offense and the fact that it was committed against a person to whom personal injury resulted, the juvenile court correctly considered the length of time available for treatment through the services and facilities within the juvenile system. *Matter of Appeal in Maricopa County, Juvenile Action No. J–96215,* 135 Ariz. 185, 187, 659 P.2d 1330, 1332 (App. 1983). Like the juvenile court judge, we are particularly concerned about the time remaining within juvenile jurisdiction. The transfer order was entered October 4, 1985, and the juvenile reaches the age of 18 on July 8, 1986. The juvenile court judge concluded that the likelihood of rehabilitation in the nine months of juvenile jurisdiction was remote. This was a reasonable conclusion. The juvenile has no right to avoid adult prosecution solely because he is under 18 years of age. In reviewing the juvenile court's transfer order, we must determine whether the court abused its discretion. Absent an abuse of discretion, the findings in support of transfer will not be disturbed. *In re Pima County, Juvenile Action No. J–218–1,* 22 Ariz.App. 327, 527 P.2d 104 (1974). We have reviewed the facts of this case in light of the goal sought to be achieved by the alternative of retaining appellant in the juvenile court system. We see no abuse of discretion in the trial court's finding that appellant should be transferred for adult prosecution. It was reasonable for the juvenile court to conclude that no meaningful results could be accomplished with the limited facilities available to juvenile authorities given the brief remaining life of juvenile court jurisdiction.

2. whether the alleged offense was against person or against property, and whether personal injury resulted;

3. the sophistication and maturity of the child as determined by consideration of the child's age, intelligence, education, environment, emotional attitude and pattern of living;

4. the child's physical, mental and emotional condition;

5. the record and previous history of the child, including previous contacts with juvenile courts and law enforcement agencies in this and other jurisdictions, prior periods of probation in any court and their results, and any prior commitments to juvenile residential placements and secure institutions;

6. whether the child has previously been transferred for criminal prosecution in this or any other state;

7. the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of services and facilities currently available to juvenile court; and

8. any other factors which appear to be relevant to the determination of the transfer issue."

The transfer order of the juvenile court is affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.